**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v. CASE NO:

PANDA HUGS ACADEMY, LLC and LATONYA ALLEN on behalf of minor child, K.A.,

Defendants.
_________________________________ /

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against PANDA HUGS ACADEMY, LLC ("Panda Hugs"), and LATONYA ALLEN, on behalf of minor child K.A. ("K.A."), and alleges:

**NATURE OF ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for claims arising out of the sexual assault of a minor under an insurance policy that includes an Assault, Battery, Abuse or Molestation Exclusion, among others.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this district because the assault occurred in this district, the underlying lawsuit is pending in this district, the insurance policy was issued in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Panda Hugs.

6. Panda Hugs is a Florida limited liability company. Panda Hugs' members, Sherry L. Villadiego and Jose M. Villadiego, Jr., are domiciled in Hillsborough County, Florida. Panda Hugs is accordingly a citizen of Florida.

7. Latonya Allen is suing on behalf of K.A., a minor, who is domiciled in Pasco County, Florida. Allen is accordingly a citizen of Florida.

**THE ASSAULT**

8. On 01/08/2026, K.A. filed suit against Panda Hugs in circuit court in Hillsborough County, Florida, in a lawsuit styled *Latonya Allen o.b.o. Minor Child, K.A. v. Panda Hugs Academy, LLC*, Case Number 2026-CA-000241. (*See* Complaint, which is attached as Exhibit "A.")

9. According to the complaint, Panda Hugs owned and operated a daycare center located at 15051 Bruce B. Downs Blvd. in Tampa, Florida. (*Id*. at ¶ 3.)

10. On 12/17/2024, while attending the daycare, K.A. was "inappropriately touched, physical[ly] assaulted and battered, and sexually assaulted and battered" by an employee of Panda Hugs. (*Id*. at ¶ 6.)

11. The complaint further alleges the "physical and sexual assault/battery of [K.A.]" occurred on Panda Hugs' premises. (*Id*. at ¶ 11.)

12. Panda Hugs was "negligent in its supervision" of its employees because it failed to "prevent [the employees] from committing physical abuse and sexual assaults." (*Id*. at ¶ 14.)

13. Panda Hugs breached its duty to provide a safe environment for children by "negligently fail[ing] to enact reasonable policies and/or fail[ing] to enforce existing policies to prevent sexual misconduct against children under its care." (*Id*. at ¶ 22.)

14. As a direct and proximate result of Panda Hugs' negligence, K.A. suffered bodily injuries and incurred medical expenses for treatment of those injuries. (*Id*. at ¶ 24.)

## **THE KINSALE POLICY**

15. Panda Hugs applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100293146-0, and providing coverage on a claims made and reported basis effective from 04/10/2024 to 03/10/2025, with a supplemental extended reporting period from 03/10/2025 through 03/10/2026 (the "Policy"). (*See* Policy, attached as Exhibit "B.")

16. Before the Policy was issued and delivered to Panda Hugs, all forms and endorsements were disclosed to Panda Hugs in a Quote. (*See* Quote, attached as Exhibit "C.")

17. Before the Policy was issued and delivered to Panda Hugs, all forms and endorsements were disclosed to Panda Hugs in a Binder. (*See* Binder, attached as Exhibit "D.")

18. Kinsale is providing Panda Hugs with a defense in the underlying action under a complete reservation of rights, which Panda Hugs accepted.

**COUNT I – NO COVERAGE UNDER THE ASSAULT, BATTERY, ABUSE, OR MOLESTATION EXCLUSION**

19. Kinsale incorporates paragraphs 1 through 18.

20. The Policy includes an endorsement labeled "EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION" ("ABAM Exclusion") that provides:

> **EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION**
>
> **This endorsement modifies insurance provided under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE**
>
> The following exclusion is added to this policy:
>
> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act,

gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

2. The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

4. The reporting or failing to report to the proper authorities;

5. Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

6. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

8. Any assault, battery, abuse, or molestation whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any "employee" or agent of any insured with respect to items **(1)** through **(8)** above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, abuse, or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, abuse, or molestation.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

(*See* Ex. B at Form CAS3201 0322, Pg. 1/2.)

21. The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id.* at Form CAS3043 0621, Pg. 2/3.)

22. Panda Hugs was sued over "physical abuse and sexual assaults" at its daycare center. (Ex. A at ¶ 14.) Specifically, "K.A. was inappropriately touched, physical[ly] assaulted and battered, and sexually assaulted and battered." (*Id.* at ¶ 6.)

23. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's ABAM Exclusion.

**<u>COUNT II – REIMBURSEMENT OF DEFENSE EXPENSES</u>**

24. Kinsale incorporates paragraphs 1 through 23.

25. In its supplemental reservation of rights letter, Kinsale specifically reserved the right to seek reimbursement of attorneys' fees and costs incurred by Kinsale defending Panda Hugs. Specifically, Kinsale informed Panda Hugs that Kinsale reserves the right to institute a declaratory judgment action on the issue of coverage under the policy and seek reimbursement of all attorneys' fees and costs incurred, if there is a determination of no coverage.

26. Kinsale has been fully funding the defense of Panda Hugs, which Panda Hugs accepted.

27. Since there is no coverage, Kinsale is entitled to reimbursement of all attorneys' fees and costs. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188

F. Supp. 3d 1246, 1261 (N.D. Fla. 2016); *see also Houston Spec. Ins. Co. v. Fenstersheib*, 632 F. Supp. 3d 1318, 1334 (S.D. Fla. 2022) ("Because Houston never had a duty to defend and defended only under a complete reservation of rights that expressly preserved its right to seek reimbursement, Houston is entitled to recoup the defense costs it expended.").

## RELIEF REQUESTED

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the Policy.

b) Declare the following:

   i. Kinsale has no duty to defend or indemnify Panda Hugs under the Policy's ABAM Exclusion;

   ii. Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Panda Hugs because there is no coverage under the Policy.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ SERGIO BUENO
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us

**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**MONICA ESPINEL**
Florida Bar No. 1059341
Monica.Espinel@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646